NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 30, 2011[*]
Decided December 2, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1793

| | |
|---|---|
| STEVEN JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09 C 0222 |
| | |
| STEVEN STRASSER, | Lynn Adelman, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Steven Johnson, a Wisconsin inmate, appeals the grant of summary judgment against him in his suit under 42 U.S.C. § 1983 claiming that Steven Strasser, a Milwaukee police officer, violated his Fourth Amendment rights in connection with his arrest for armed robbery. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)

Three days after a Milwaukee bank was robbed by a masked individual, investigating officers informed Strasser that Johnson was identified as the robber by his girlfriend after she viewed surveillance footage of the robbery. Strasser conducted a warrant check and found open warrants for Johnson. The investigating officers and Strasser found Johnson in the law library at Marquette University Law School—in what Johnson describes as a private study room—and arrested him. After booking Johnson, Strasser filed a probable-cause affidavit stating that Johnson's arrest was based on his girlfriend's statements and his prior warrants.

The following month a Wisconsin court held a pretrial hearing to address several motions filed by Johnson, including a motion to suppress all evidence and statements related to his arrest, as well as a motion alleging that Strasser's probable-cause affidavit contained materially false information. The court denied the motions after finding that arresting Johnson in the library did not violate his reasonable expectation of privacy and that the probable-cause affidavit was permissibly based on Strasser's "information and belief" and not materially false. A jury subsequently convicted Johnson of robbery with threat of force, and a state appellate court upheld the conviction. *See State v. Johnson*, No. 2010AP987800, 334 Wis.2d 808 (Wis. Ct. App. May 24, 2011) (unpublished disposition).

Johnson sued Strasser under § 1983 for arresting him without probable cause, arresting him despite his "reasonable expectation of privacy" in the library, and not presenting him for a probable-cause hearing within 48 hours of his arrest. The district court granted summary judgment for Strasser, finding *sua sponte* that Johnson's claims were barred by issue preclusion. The court noted that, even if Johnson's claims were not barred, (1) Strasser did not violate the Fourth Amendment because he arrested Johnson in a public place pursuant to a facially valid warrant, and (2) Johnson presented no evidence that Strasser was in any way personally involved in the delay. The court later denied Johnson's postjudgment motion.

On appeal, Johnson insists that preclusion should not bar his Fourth Amendment claims, because the pretrial hearing was not "full and fair." Issue preclusion does not apply to judgments where a party did not have a full opportunity to litigate their case. *See Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008). Johnson appears to argue that the state judge's failure to discuss the cases Johnson cited in his suppression motion shows that the judge never considered those cases at all, and thus did not give him a fair hearing. But judges need not discuss in their decisions every case a party cites, and Johnson points to no other instance in which the state judge denied him a full opportunity to litigate his case. Indeed, the portion of the transcript that Johnson has provided to us reflects that the judge addressed Johnson's constitutional arguments and explicitly stated the reasons he rejected them. Because Johnson had a full opportunity to litigate the propriety of his arrest in state

court, the district court did not err in finding that Johnson is precluded from relitigating the issue.

We do not address Johnson's remaining arguments—that the district court erroneously applied issue preclusion on its own motion, ignored "binding stipulations" made by Strasser, and failed to resolve his own motion for summary judgment—all of which are frivolous.

AFFIRMED.